**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **BARBARA J. BEILFUSS**, )<br>    Plaintiff, )<br>)<br>  v. )<br>)<br>**FONTANA BUILDERS INC.; PULLMAN** )<br>**BANK & TRUST COMPANY**; unknown )<br>non-record claimant, )<br>    Defendants, )<br>_____ )<br>)<br>**FIRST AMERICAN TITLE INSURANCE** )<br>**COMPANY**, )<br>    Intervenor-Plaintiff, )<br>)<br>  v. )<br>)<br>**KEVIN McNEAL**, **CHERITA LOGAN**, )<br>**SANKOFA, INC.**, **BRUCE NASH** & )<br>**BILL RANDLE**, )<br>    Respondent-Defendants, )<br>_____ )<br>)<br>**BILL RANDLE**, )<br>    Defendant-Counter-Plaintiff, )<br>)<br>  v. )<br>)<br>**ELSA THIELE FUCHES**, )<br>    Defendant. ) | Case No. 14 C 6159 |

## MEMORANDUM ORDER

  Bill Randle, Cherita Logan and Bruce Nash (collectively "Removing Defendants") have filed a Notice of Removal ("Notice") in this action, in which they are three of the five defendants targeted by intervenor-plaintiff First American Title Insurance Company ("First American"). Although their removal papers leave it unclear as to the relationship between the proceeding between First American and Removing Defendants and the underlying Cook County Circuit

Court lawsuit in which neither First American nor Removing Defendants were parties (and therefore as to whether Removing Defendants are indeed "defendants" entitled to seek removal under 28 U.S.C. § 1441(a)),[1] it is unnecessary to explore that subject -- unnecessary because Removing Defendants' own Notice demonstrates that federal jurisdiction is lacking.

Notice ¶ 6 purports to invoke federal jurisdiction on diversity-of-citizenship grounds. Yet Notice ¶ 8 identifies First American's principal place of business as located in Oak Park, Illinois (making it an Illinois citizen under Section 1332(c)(1)), while Notice ¶ 9 identifies Removing Defendant Bill Randle as also an Illinois citizen.

It has been crystal-clear for more than two centuries (see <u>Strawbridge v. Curtiss</u>, 7 U.S. (3 Cranch) 267 (1806)) that such common citizenship between any party on one side of the "v." and any party on the other side of that symbol defeats diversity. Moreover, if diversity <u>were</u> present, Section 1441(b)(2) would preclude removal in the diversity case because of defendant Randle's Illinois citizenship.

All of that being true, Section 1447(c) mandates the remand of this case to its place of origin in the Circuit Court of Cook County, and this Court so orders. To implement the remand and enable the parties to go forward with the litigation promptly, the Clerk of Court is ordered to mail the certified copy of the remand order to the Clerk of the Circuit Court forthwith.

                                                        _____
                                                        Milton I. Shadur
Date: August 14, 2014                  Senior United States District Judge

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."